IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 5:12-cr-00220

DAVID C. HUGHART

### UNITED STATES' SENTENCING MEMORANDUM

A sentence at least within the advisory guidelines range is necessary in this case to fulfill the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Indeed, a powerful argument exists for an above-guidelines sentence, because the applicable provisions of the United States Sentencing Guidelines take no account of a central fact of this case: the risk to human life and health created by the conspiracies that Defendant participated in. In light of that critical fact, the Court should decline any request for a sentence below the upper end of the guidelines range and should consider a sentence above that range.

**The Applicable Guidelines Provisions Do Not Account for Risk to Human Life and Health**

The applicable sections of the sentencing guidelines (USSG §§ 2C1.1 and 2X5.2) include no enhancement for risk to human life or health, so Defendant's advisory guidelines range is calculated without considering that risk. These omissions from the controlling guidelines sections are not surprising. The heartland of cases covered by USSG § 2C1.1 involves financial fraud and corruption, not matters of life or death. Similarly, USSG § 2X5.2 takes in a wide range of federal misdemeanor offenses, which ordinarily do not raise issues of human life or safety.

Here, however, Defendant conspired to impede the United States government from protecting the lives and health of coal miners, and to violate mandatory mine health and safety

standards. Defendant acknowledges that he conspired to impede the federal Mine Safety and Health Administration in enforcing mine safety and health laws and in detecting violations of those laws. Plea Agt., Ex. B [Doc. 16 at 20-21]. The conspiracy's purpose was to violate these laws without consequence, and they were violated routinely at the mines under Defendant's direction. *Id.* The resulting risk of death or injury distinguishes this case from the heartland of cases covered by USSG § 2C1.1 or § 2X5.2, leaving Defendant's advisory sentencing guidelines range inadequate to fully account for his conduct. *See* USSG Ch. 1, Pt. A.1.4(b) ("When a court finds an atypical case . . . , the court may consider whether a departure is warranted.").

Other sections of the sentencing guidelines, which deal with offenses that more commonly involve risks to human life or safety, make clear that such risks call for a greater sentence. *See*, *e.g.*, USSG §§ 2B1.1(b)(14) (enhancement for conscious or reckless risk of death or serious bodily injury in theft, fraud, and related cases); 2B1.1, comment. (backg'd.) (even an offense such as pickpocketing receives enhanced sentence because of increased risk of physical injury); 2B2.1, comment. (backg'd.) (higher base offense level for residential burglary because of increased risk of physical and psychological injury); 2B5.3 (for copyright and trademark crimes, offense level enhanced if offense involved conscious or reckless risk of death or serious bodily injury); 2N1.1 (base offense level of 25 for offenses involving tampering or attempting to tamper with consumer products involving risk of death or serious bodily injury; commentary states that "base offense level reflects that this offense typically poses a risk of death or serious bodily injury"); 2N2.1, comment. (n.3) (guideline for violations of statutes and regulations dealing with food, drugs, and related products; upward departure warranted for substantial risk of bodily injury or death). And common sense dictates that when a defendant risks other people's lives and health, that fact must be accounted for in fashioning his sentence.

A sentence within the guidelines range, and certainly any sentence below the top of the guidelines range, would risk contravening the principles expressed in § 3553(a). To treat this conspiracy, with its risk of death or injury to others, like the offenses more commonly covered by USSG § 2C1.1, whose risk is only financial, or like the routine misdemeanors in the heartland of USSG § 2X5.2, would understate the seriousness of this offense. *See* § 3553(a)(2)(A) (sentence must reflect seriousness of offense). A guidelines sentence here, moreover, would give Defendant an unfair break compared with other defendants whose sentences are increased because they risk human life or health. Such disparate results would undermine the goal of just punishment for the offense, *id.*, and produce an unwarranted disparity in sentencing, *id.* (a)(6).

### No Countervailing Factors Support a Below-Guidelines Sentence

There are factors in this case that are favorable to Defendant, of course, but they do not warrant a sentence below the top of the advisory guidelines range. It is true that Defendant has cooperated with the United States' investigation of conduct at the former Massey Energy Company. Defendant's cooperation has been valuable, and it is quite possible that before that investigation is concluded, the value of his cooperation will warrant a motion for downward departure for substantial assistance. *See* USSG § 5K1.1. At this stage, though, the value of Defendant's cooperation cannot be properly assessed for purposes of such a motion. The United States notes that it gave significant credit to Defendant's cooperation in deciding not to seek a major upward variance, which might otherwise have been appropriate in light of the analysis above, as well as in electing not to pursue other charges against Defendant.

The United States also believes that Defendant's actions were substantially influenced by the organization surrounding him. But that is true of many who engage in criminal conspiracies, and it does not warrant a below-guidelines sentence. Defendant was, as he acknowledges, the

President of an important subsidiary of Massey Energy Company. He enjoyed vast discretion over the mines and facilities that were under his direction, and he used it to flout the law on miners' health and safety. The United States has considered the setting in which Defendant acted and his overall role in his organization, and it has given those factors weight in its decision not to seek an upward variance, but they do not justify a sentence below the top of the advisory guidelines range.

## Conclusion

The guidelines sections applicable to this case fail to account for the risk to human life and safety that resulted from the conspiracy in which Defendant participated. That risk is of the utmost seriousness. Indeed, it is the central fact of this case. Because of it, the Court should consider an above-guidelines sentence. At a minimum, the Court should impose a sentence at the top of the advisory guidelines range. A sentence any lower would equate this conspiracy with others whose consequences are far less dangerous, thus failing to reflect the seriousness of the offense and achieve just punishment.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By: s/ Steven R. Ruby
STEVEN R. RUBY
Assistant United States Attorney
WV State Bar No. 10752
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: steven.ruby@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing United States' Sentencing Memorandum has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 17th day of June, 2013, to:

>Michael R. Whitt, Esquire
>The Law Office of Michael R. Whitt
>810 North Jefferson Street, Suite 107
>Lewisburg, WV 24901

>s/Steven R. Ruby
>STEVEN R. RUBY
>Assistant United States Attorney
>WV State Bar No. 10752
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: steven.ruby@usdoj.gov