```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        BECKLEY
```

**UNITED STATES OF AMERICA**

v.                                        **DOCKET NO. 5:12-00220**

**DAVID C. HUGHART**

### DEFENDANT'S SENTENCING MEMORANDUM

Now comes the Defendant, David C. Hughart ("David"), by counsel, and submits his memorandum to aid the Court in determining his sentence. For the reason stated herein, David believes he is a suitable candidate for leniency:

1. David stands convicted of serious crimes, one a felony and the other a misdemeanor. Both involve conspiracy with the object being violation of the mining safety rules and laws. This case started with the filing of an Information (and not an indictment) due to an agreement reached with the Government after David acknowledged criminal conduct and agreed to cooperate in other pending investigations. At this point, David's cooperation, or at least the promise of cooperation, continues. David's cooperation is acknowledged by the Government yet the Government argues for a sentence above the guideline range in this case.

2. Interestingly, the Government seems to suggest that an above the guideline sentence is warranted because the crimes charged, while obviously potentially impacting safety, have not been adequately provided for in the guidelines. However, the applicable guidelines have been clearly spelled out and there is absolutely no reason to sentence above them.

3. Looking at the nature of the offenses, it is not contested that the crimes charged are serious. However, the crimes charged, conspiracy, are among the least serious offenses in our law. While some of what David did may have potentially caused harm, none of David's actions can be linked to any actual mining injury. Sadly, David's crimes have often been confused with the tragic Upper Big Branch disaster occurring in April of 2010. However, David had left Massey by that time and he never worked a day at UBB.

4. Looking at David's characteristics and history, it is clear that David has many talents. He is well educated and does not need prison to foster his post-sentence employability. Notably, it is clear from the PSR that, no matter what sentence is imposed, David's life has essentially been ruined by his conduct and the terrible negativity his crimes and subsequent prosecution have generated. He has gone from affluent to totally destitute as a result of his crimes.

5. Throughout the prosecution, David has developed a significantly greater respect for the law, and particularly, the mining safety laws. It is true that mining laws were routinely violated at Massey. In fact, violation of the mining safety laws was a part of the corporate culture at Massey and, according to the PSR, David's supervisor said the company had the legal right to notify when inspections were imminent. However, after being involved with this case, David has come to know that mine safety laws are not suggestions. Rather these rules and laws must be followed to insure maximum miner safety. Prison can do nothing to reinforce this fact. David need look only to his ruined life for an example of what can happen when the law is violated.

6. Simply put, David deeply regrets his criminal conduct and that such conduct was a part of "business as usual" under former Massey management. David has learned, and hopes in the future, to educate other mining executives on what can happen to miners if laws are violated and what will happen to managers who violate the law. David now has a keen understanding of the consequences for himself and his family for criminal conduct but, more importantly, he has come to realize that safety must be the primary focus of the mining industry going forward.

      7. In view of all that David has experienced in this case, David respectfully asks this Court for leniency.

                              Respectfully submitted,

                              David C. Hughart

                    By:   <u>s / Michael R. Whitt, Esquire</u>
                         Michael R. Whitt    WVSB 6099
                         Counsel for David C. Hughart
                         810 North Jefferson St., Ste. 107
                         Lewisburg, West Virginia 24901
                         Telephone 304.645.4640
                         Facsimile 304.793.2253
                         E-mail:<u>michaelrwhitt@earthlink.net</u>

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 17, 2013, I electronically filed the foregoing "Defendant's Sentencing Memorandum" with the Clerk of this Court using CM/ECF system and service was made via CM/ECF on the following:

        Steven R. Ruby
        Assistant U.S. Attorney
        110 North Heber Street
        Beckley, West Virginia 25801

            s/ Michael R. Whitt, Esquire
            Michael R. Whitt    WVSB 6099
            Counsel for David C. Hughart
            810 North Jefferson St., Ste. 107
            Lewisburg, West Virginia 24901
            Telephone 304.645.4640
            Facsimile 304.793.2253
            E-mail:michaelrwhitt@earthlink.net